By the Court.—Sedgwick, Ch. J.
The learned counsel have not cited any authority in this State which decides the controversy. The general rule forbiding guardians, trustees, or persons in similar relations to deal for their own benefit with the property in which the eestuis que trust have an interest, is familiar. The trustee is forbidden to buy it (Gardner v. Ogden, 22 N. Y. 327; Forbes v. Halsey, 26 Id. 65 ; 33 Barb. 578; and many other cases). The present plaintiff, by her *165 purchase from the bidder at the foreclosure sale, acquired the interest both of the mortgagor and mortgagee.
It does not, however, seem necessary to search for prcedents in this State. Such safe and sound principles are announced in the note to Fox v. Mackreth and Pitt v. Mackreth (1 Leading Cases in Eq. Hare & Wallace’ s Notes, 4 Am. ed. pt. 1, 255), that it is only necessary to give the words: “ Where the purchaser at such a sale reconveys the property at once or within a brief period to the executor or trustee, the presumption is that he was used as a tool or cover, and the transaction will be set aside as a constructive, if not actual fraud (Obert v. Obert, Stockt. Ch. 98; 1 Beas. 423 ; Rosenberg’s Appeal, 2 Casey, 67). And where the defect is apparent on the face of the record or title papers, a third person buying subsequently will be affected with notice and cannot hold the land (Rosenberg’s Appeal). The presumption may, however, be repelled and does notapply where it is made to appear with sufficient clearness that the purchaser bought for himself, and that there was no concert between him and the trustee (Waterman v. Skinner, 1 Beas. 423). In Waterman v. Skinner the court refused to interfere,-although the executor purchased the premises immediately after the sale from a bidder, who, as it would seem, had not paid. Such a transaction should, nevertheless, be scrutinized with jealous care, and it is very clear that the disability continues until the sale is consummated by payment and the delivery of the deed. Until then, the vendor is acting on behalf of the cestuis gae trust, and cannot acquire an interest in the property confided to his care.
In a foreclosure action, the referee sells for the mortgagor as truly as for the' mortgagee. And when the trustee buys the bid, he becomes owner of the equity of redemption and of the mortgage. The intervention of the mortagee, as the successful bidder, cannot obviate the objection. His re *166 lation to the matter is not an absolute security against the manifest dangers there are in allowing combinations that are likely to be made at the expense of the price to be bid for the property.
I am of opinion that the defendant should not be compelled to take title.
There should be judgment for defendant, with costs.
Freedman and Russell, JJ., concurred.